[No. 19153. Department Two.—October 7, 1893.]

AARON SMITH, APPELLANT, *v.* COUNTY OF LOS ANGELES, RESPONDENT.

COUNTY GOVERNMENT ACT—UNAUTHORIZED EMPLOYMENT BY SUPERVISORS—PROCURING BIDS FOR COUNTY BONDS—LIABILITY OF COUNTY.—The provisions of the County Government Act confer no power upon the board of supervisors of a county to make a contract of employment of a person to procure a bid or bids for county bonds delivered to the treasurer for sale or exchange, but the power to negotiate the sale or exchange is conferred on the county treasurer exclusively; and such a contract of employment entered into by the board of supervisors is a void act, and the acts of the person so employed in pursuance of such employment create no liability against the county, however beneficial the services may have been to it.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Houghton, Silent & Campbell,* for Appellant.

*James McLachlan, B. M. Marble,* and *Waldo M. York,* for Respondent.

FITZGERALD, J.—The complaint in this action substantially alleges that the board of supervisors of Los Angeles County, after a favorable election had for that purpose, duly authorized the issuance of three hundred bonds, in denominations of one thousand dollars each, bearing interest at the rate of five per cent per annum, for the erection of a county court-house; that said bonds were duly executed and delivered to the county

treasurer for sale, and that he, in pursuance of law, thereafter advertised for and invited bids for said bonds; that no *bona fide* bid had been made for any of the bonds, and that no sale thereof was or could be made until a bid for one hundred and ten of said bonds was procured and caused to be made by plaintiff, in pursuance of his employment by the board of supervisors to procure a bid to be made for said bonds or a part thereof by some bidder who would offer and bid therefor a price which said treasurer and said board were authorized by law to accept; that said bid so procured by the plaintiff for one hundred and ten of said bonds was accepted, and said bonds so bid for were by said treasurer sold at five per cent premium and accrued interest to said bidder so procured as aforesaid by plaintiff, and the purchase price thereof paid into the treasury of said county; that said board acting for said county agreed to pay plaintiff for such services what they were reasonably worth, and the value of the services so rendered was and is reasonably worth the sum of three thousand three hundred dollars; that within one year after he performed said services plaintiff duly presented to said board his itemized claim, duly verified, for said services, which claim and every part thereof said board refused to allow and wholly rejected the same.

The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court, and, upon plaintiff refusing to amend, judgment was given for defendant, and plaintiff appeals.

The question to be determined on this appeal involves the power of the board of supervisors to make the contract of employment upon which this action is founded. Section 25 of the act of March 14, 1883, commonly known as the "County Government Act," under which it is claimed such power was conferred, provides that "the board of supervisors in their respective counties have jurisdiction and power, under such limitations and restrictions as are prescribed by law," to create a bonded indebtedness and to issue bonds of the county as provided by section 37 of said act; and subdivision 14 of section 25 provides that "whenever bonds issued under this chapter shall be duly executed, . . . . they shall be delivered to the

county treasurer, and his receipt taken therefor, and he shall stand charged on his official bond with all bonds delivered to him and the proceeds thereof, and he shall sell the same, or exchange them under the direction of the board of supervisors. . . . . He shall also keep a record of bonds sold or exchanged by him, . : . . and shall also report, under oath to the board, at each regular session, a statement of all bonds sold or exchanged by him since the preceding report, and the date of such sale or exchange, . . . . and the amount of accrued interest received by him on such sale or exchange, . . . . but such bonds shall not be sold or exchanged for any indebtedness of the county, except by the approval of the board of supervisors of said county. No sale shall be made of any such bond except to the highest bidder, after advertising bids for the purchase of the same" in the manner prescribed.

And subdivision 35 of the same section empowers the board "to do and perform all other acts and things required by law not in this act enumerated, or which may be necessary to the full discharge of the duties of the legislative authority of the county government."

Section 6 of the same act provides that "all contracts, authorizations, allowances, payments, and liabilities to pay, made, or attempted to be made in violation of this act, shall be absolutely void, and shall never be the foundation or basis of a claim against the treasury of such county. . . . ."

And section 36 thereof provides that "the board must not for any purpose contract debts or liabilities except in pursuance of law."

It is clear that these provisions of the statute confer no express power upon the board of supervisors to make such a contract as the one sought to be recovered on in this action, and unless it can be implied from subdivision 35 referred to, then it follows that no such power exists, and the contract sued on is, therefore, void, because not made in pursuance of law. As the act of March 14, 1883, distinctly enumerates the acts which the board is required to perform, with reference to the issuance and disposal of county bonds, and as the employment of a procurer of bids for bonds delivered to the treasurer for sale or exchange under the law was not in any way necessary to the full dis-

charge of the legislative authority of the county·government, no such implied authority to make such a contract was conferred upon the board as contended for.

The board of supervisors cannot sell or negotiate the sale of its county bonds; that power is expressly conferred by statute on the county treasurer, and is to be exercised by him under the direction of the board, and the sale or exchange of bonds by him is made subject to its approval. In other words, the bid for the bonds is solicited and obtained upon the advertisement by the treasurer for such bid, and the law recognizes no other mode of procurement; the treasurer alone procures the bid, the mode and manner of such procurement being specifically pointed out by statute.

The making of the contract in question by the board of supervisors was an unwarranted, if not a pragmatical, interference with the power and duties of the county treasurer, as expressly conferred and defined by law.

It therefore follows that the employment of the plaintiff by the board of supervisors of Los Angeles County to procure a bid or bids for county bonds delivered to the treasurer for sale or exchange, as alleged, was a void act, and the acts of plaintiff in pursuance of such employment, however beneficial they may have been to the defendant, created no liability against it.

Let the judgment be affirmed.

DE HAVEN, J., and MCFARLAND, J., concurred.