[No. 17718.    Department One.    May 3, 1923.]

CONSOLIDATED SCHOOL DISTRICT No. 20, WALLA WALLA
COUNTY, *ex rel. L. L. Thompson, Attorney Gen-
eral, Appellant,* v. UNION TRUST COMPANY
OF WALLA WALLA, *Respondent.*[1]

SCHOOLS AND SCHOOL DISTRICTS (34)—SALE OF BONDS—POWERS OF
SCHOOL BOARD—STATUTES—CONSTRUCTION.  A school district cannot
contract to pay a trust company a commission for selling its bonds,
or make sales after the first advertisement without re-advertising,
under Rem. Comp. Stat., § 4943, requiring an advertisement for
bids, and Id., § 4944, which is mandatory, requiring the district to
sell its bonds to the highest bidder at not less than par, and au-
thorizing it to readvertise the sale of bonds or any portion thereof
as often as may be necessary.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered October 27, 1922,
upon findings in favor of the defendant, in an action
for money paid, tried to the court.  Reversed.

*The Attorney General* and *John H. Dunbar, Assist-
ant,* for appellant.

*Gose & Crowe,* for respondent.

MITCHELL, J.—Consolidated school district No. 20 of
Walla Walla county was authorized by popular vote to
sell $55,000 of the bonds of the district.  Upon adver-
tising for bids, none were received.  The school di-
rectors thereupon entered into a brokerage contract
with the Union Trust Company of Walla Walla, pro-
viding for a commission of $1,200, pursuant to which
the bonds were sold.  This suit was instituted to deter-
mine the right of the broker to the commission.  There
was judgment in favor of the Union Trust Company,
from which the plaintiff has taken an appeal.

[1] Reported in 215 Pac. 28.

Counsel on both sides agree that the sole question on the appeal is whether or not the school district had the power to make the brokerage contract.

Dillon on Municipal Corporations (5th ed.), Vol. 2, § 77, says the importance of a careful study of the charter or incorporating act and of the general legislation on the subject cannot be too strongly urged in determining *the existence of the power* of a municipal corporation to make contracts generally, and to make the particular contract under consideration, and in ascertaining *the mode* in which the power is to be exercised.

Section 4943, Rem. Comp. Stat., provides in substance that, when the directors of a school district are authorized to issue bonds, the board shall certify the result to the county treasurer, who shall publish notice of the sale of the bonds for a designated time, describing the bonds to be sold, and asking bidders to name a price and rate of interest at which they will purchase the bonds, or any of them. The section then provides for the denominations of the bonds and that they contain certain data on their faces.

Section 4944, Rem. Comp. Stat., provides:

"At the time named in said notice it shall be the duty of said board of directors to meet with the county treasurer at his office, and with him open said bids, and sell said bonds or any portion thereof to the person or persons making the most advantageous offer: Provided, the bonds shall never be sold below par, and the board of directors may reject any and all bids, and at any time within two years of the election at which authority was granted to issue and sell said bonds, the board of directors may proceed to readvertise the sale of such bonds or any portion thereof as often as may be necessary until the whole thereof shall be sold; . . ."

The statutes prescribe the extent of the power granted to the school district, while as to the mode in which the power is to be exercised, the statute is so plain and certain that the board shall readvertise as often as may be necessary that it negatives all idea of any other mode that could or might be classed as implied or incidental. After the call for bids and none were received, as happened here, it was the duty of the board of directors to readvertise the sale of the bonds, or any portion thereof, as often as might be necessary until the whole thereof should be sold, within two years after the election at which the issue and sale of the bonds was authorized. Under a proper construction of the statute, readvertising, where no bid is received upon the first call, is just as mandatory as advertising for bids in the first instance.

If the statute provided, as is often the case, that bonds shall be sold in such manner as the corporate authorities shall deem for the best interests of the municipal corporation, an entirely different situation would be presented. Such is the thought suggested by the authorities relied on by the respondent, the first of which is the case of *Church v. Hadley,* 240 Mo. 680, 145 S. W. 8, 39 L. R. A. (N. S.) 248. The case involved the power of the "Board of Fund Commissioners" of the state of Missouri to enter into a brokerage contract for the sale of municipal bonds. It was held there was power to make the contract, it being stated in the opinion:

"The power granted in this law is to sell bonds. The limitation of the power is that the actual sale shall not be less than par. The power of sale is granted in general terms, in so far as the means of sale is concerned. The statute granting the power does not undertake to prescribe the means and manner of sale."

But such decision is not inconsistent with the rule that, where a particular method has been prescribed by statute for the exercise of a power granted to a municipal corporation, that method must be followed. *Arnott v. Spokane,* 6 Wash. 442, 33 Pac. 1063; *Wiley v. Seattle,* 7 Wash. 576, 35 Pac. 415, 38 Am. St. 905; *Long v. Pierce County,* 22 Wash. 330, 61 Pac. 142; *Washington-Oregon Corp. v. Chehalis,* 76 Wash. 442, 136 Pac. 681.

It follows, of course, that any agreement or attempted agreement for exercising power granted or concerning the mode of performing it that is contrary to the exclusive method provided by the statute is contrary to public policy and is not enforcible.

Reversed, with directions to enter judgment for the appellant.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.